**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

| | |
|---|---|
| BENJAMIN GUERRERO, on behalf of himself and all others similarly situated, | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **Civil Action No. 1:09-cv-5062** |
| v. | |
| FOX COLLECTION CENTER, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

---

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1.  This action is brought by Plaintiff Benjamin Guerrero, on behalf of himself and all others similarly situated, for statutory damages against Defendant Fox Collection Center, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district as all relevant events took place here.

### III. PARTIES

3.  Plaintiff Benjamin Guerrero is an individual who resides in Chicago, Illinois.

Page 1

4.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.     Defendant Fox Collection Center, Inc., is a corporation organized under the laws of the State of Tennessee located at 456 Moss, Goodlettsville, Tennessee.

6.     Defendant is engaged in the collection of debts from Illinois consumers using the mail and telephone.

7.     Defendant regularly attempts to collect consumer debts alleged to be due to another.

8.     Defendant is licensed by the State of Tennessee as a "Collection Service Agency", License Number 129.

9.     Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.     FACTUAL ALLEGATIONS

10.     Mr. Guerrero sought medical treatment and/or services from Springfield Radiology.

11.     Due to the medical treatment and/or services provided by Springfield Radiology, Mr. Guerrero incurred an alleged debt in the amount of $321.00 to Springfield Radiology (hereinafter referred to as "the Debt").

12.     The Debt was incurred for personal, family, or household purposes, *i.e.*, for medical services and/or treatment.

13.     Mr. Guerrero did not pay the Debt because it was covered by his employer's workers' compensation insurance.

14.     The Debt was due on the date of service.

15.     Defendant obtained the Debt after it entered default.

16.     On or about March 30, 2009, Defendant arranged for the preparation and transmittal of a letter to Mr. Guerrero at his residence in an attempt to collect the Debt. A copy of Defendant's March 30, 2009, letter is attached hereto as Exhibit A.

17.     Defendant sent Exhibit A in an attempt to collect a debt.

18.     Exhibit A contains:

> This office has been employed to ACT as Collection Agent to recover the above-mentioned claim.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

19.     Exhibit A was the initial communication from Defendant to Mr. Guerrero regarding the Debt.

20.     Defendant did not send an additional communication to Mr. Guerrero regarding the Debt within five days of sending Exhibit A.

21.     Exhibit A does not state that a request for verification must be made "in writing."

## V.     DEFENDANT'S POLICIES AND PRACTICES

22.     It is the standard policy and practice of Defendants to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

23.     It is the standard policy and practice of Defendants to fail to inform consumers

that their request for verification of the alleged debt must be "in writing."

## VI.    CLASS ALLEGATIONS

24.    This action is brought as a class action. Plaintiff defines class as (i) all persons within the state of Illinois (ii) to whom Defendant sent a letter in the form of <u>Exhibit A</u> (iii) in an attempt to collect a debt to Springfield Radiology Assoc (v) incurred for personal, family, or household purposes (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

25.    The class is so numerous that joinder of all members is impractical.

26.    Upon information and belief, more than 50 persons within the state of Illinois were sent letters in the form of <u>Exhibit A</u> in an attempt to collect a debt to Springfield Radiology Assoc incurred for personal, family, or household purposes during the period of time one-year prior to the filing of this Complaint.

27.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.  The principal issue is whether Defendant violated the FDCPA by:

> A.    using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10); and

> B.    failing to inform consumers that their request for verification of the alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4).

28.    There are no individual questions, other than to whom Defendant sent the form letters. This can be determined by a ministerial inspection of Defendant's records.

29.    Plaintiff will fairly and adequately protect the interests of the class.

30.     Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

31.     The questions of law and fact common to the class predominate over any issues involving only individual class members.  The principal issue is whether Defendant's practice of sending letters in the form of <u>Exhibit A</u> violates the FDCPA.

32.     Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

33.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with Federal law.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00.  Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VII.    COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

34.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

35.     Defendant's violations of the FDCPA include, but are not limited to:

    A.     using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10); and

    B.     failing to inform consumers that their request for verification of the alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4).

36.     As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to a declaratory judgment and an award of statutory damages, costs and reasonable attorney fees.

## VIII.  <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff Benjamin Guerrero requests that judgment be entered in his favor and in favor of the class against Defendant Fox Collection Center, Inc. for:

A.     Certification of this matter as a class action;

B.     Declaratory judgment that Defendant's practices violate the FDCPA;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

D.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     For such other relief as the Court may find to be just and proper.

## IX.  <u>JURY DEMAND</u>

Plaintiff Benjamin Guerrero hereby demands that this case be tried before a Jury.

 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)

ATTORNEYS FOR PLAINTIFF BENJAMIN GUERRERO